UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH VASQUEZ, INDIVIDUALLY AND D/B/A EL CLASICO BAR & RESTAURANT A/K/A EL CLASICO<br><br>Defendant, | Case No.:<br><br>COMPLAINT<br><br>JANUARY 17, 2018 |

## COMPLAINT

NOW COMES J & J SPORTS PRODUCTIONS, INC, by and through its attorney and for its Complaint against ELIZABETH VASQUEZ, INDIVIDUALLY AND D/B/A EL CLASICO BAR & RESTAURANT A/K/A EL CLASICO, states as follows:

## THE PARTIES

1. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned herein was, a California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128

2. Defendant, Elizabeth Vasquez, is a Connecticut citizen residing at 303 Hill Street, Apt 2, Waterbury, Connecticut 06704.

3. At all times mentioned herein, Defendant, Elizabeth Vasquez operated a proprietorship known as El Clasico Bar & Restaurant, a/k/a El Clasico, doing business at 807 N. Main Street, Waterbury, CT.

## JURISDICTION

4. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the

Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

5. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Connecticut.

7. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Connecticut, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

8. On information and belief, Elizabeth Vasquez operates, at all times mentioned herein, operated, a restaurant/bar establishment under the name of El Clasico Bar & Restaurant a/k/a El Clasico, located at 807 N. Main Street, Waterbury, Connecticut.

9. Defendant, Elizabeth. is the sole owner, and manager, of El Clasico Bar & Restaurant and, at all times mentioned herein, the individual specifically identified on the

State of Connecticut Restaurant Liqour License issued for El Clasico Bar & Restaurant (License No. LIR.0019150).

10. On information and belief, on May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in paragraph 17), Defendant, Elizabeth Vasquez, had the right and ability to supervise the activities of El Clasico which included the unlawful interception of Plaintiff's *Program*.

11. On information and belief, on May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in paragraph 17), Defendant, Elizabeth Vasquez, had the obligation to supervise the activities of El Clasico, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the business license was not used in violation of law.

12. On information and belief, on May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendant, Elizabeth Vasquez specifically directed or permitted the employees of El Clasico to unlawfully intercept and broadcast Plaintiff's *Program* at El Clasico, or intentionally intercepted, and/ or published the *Program* at El Clasico himself. The actions of the employees of El Clasico are directly imputable to Defendant by virtue of defendant's acknowledged responsibility for the operation of El Clasico.

13. On information and belief, on May 2, 2015, defendant had an obvious and direct financial interest in the activities of El Clasico which included the unlawful interception of Plaintiff's *Program.*

14. On information and belief, the unlawful broadcast of Plaintiff's *Program,* as supervised and/or authorized by Defendants resulted in increased profits for defendant.

15. On information and belief Defendants the the owners, and/or operators, and/or licensees, and/or permittees, and/or persons in charge, and/or individuals with dominion, control, oversight and management of the commercial establishment doing business as El Clasico Bar & Restaurant a/k/a El Clasico operating at 807 N. Main Street, Waterbury, Connecticut 06401.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

16. Plaintiff, J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-15, inclusive, as though set forth herein at length.

17. Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program,* telecast nationwide on May 2, 2015 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

18. Pursuant to contract, Plaintiff, J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Connecticut, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

19. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing,

advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

20. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs 10-15 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at defendant's commercial establishment located at 807 N. Main Street, Waterbury, Connecticut.

21. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

22. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

23. By reason of the aforesaid mentioned conduct, the Defendant violated Title 47 U.S.C. Section 605, *et seq.*

24. By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff, J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

25. As the result of the Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, J & J Sports Productions, Inc., is entitled to the following from Defendant:

(a)  Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

(b)  Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(c)  the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

26.  Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1- 20 hereinabove, inclusive, as though set forth herein at length.

27.  The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq.*

28.  By reason of the aforesaid mentioned conduct, the Defendant violated Title 47 U.S.C. Section 553, *et seq.*

29.  By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff, J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

30.  As the result of the Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff, J & J Sports Productions, Inc., is entitled to the following from each Defendant:

(a)  Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

(b)  Statutory damages for each willful violation in an amount to

$50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

  (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

  (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, J & J SPORTS PRODUCTIONS, INC. prays that judgment be entered against defendants, ELIZABETH VASQUEZ, INDIVIDUALLY AND D/B/A EL CLASICO BAR & RESTAURANT A/K/A EL CLASICO, as follows:

**As to the First Count:**

1. Statutory damages in the amount of $110,000.00 against the Defendant;
2. Reasonable attorneys' fees as pursuant to 47 U.S.C. §605(e)(3)(C)(ii);
3. Costs of suit; and
4. For such other and further relief as this Honorable Court may deem just, equitable and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendant;
2. Reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to 47 U.S.C. §553(c)(2)(C);
3. Costs of suit; and;
4. For such other and further relief as this Honorable Court may deem just and proper.

THE PLAINTIFF
J & J SPORTS PRODUCTIONS, INC

Dated: 1/17/18

By: _____
JOEL M. JOLLES
P.O. Box 185418
Hamden, CT 06518
(203) 230-5893
Facsimile: (203) 230-5918
jolles.law@sbcglobal.net
Fed. #ct02249